(C. D. 872)

P. V. BRIGHT & Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 16, 1944)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Frank X. O'Donnell, Jr.*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: This is a protest against the liquidation of an entry of stockfish at the port of Seattle during the month of October 1940, in which duty was assessed at 1¼ cents per pound under paragraph 717 (c) of the Tariff Act of 1930. The entry was liquidated on January 6, 1941. It seems the fish had been ordered by a Chicago firm and after they had been released from customs custody at the port of Seattle they were duly forwarded to the ultimate consignee at Chicago. The Chicago consignee found upon inspection of the fish that they were contaminated and he thereupon notified the representatives of the Department of Agriculture at Chicago, who promptly condemned the importation and ordered its destruction or exportation. As stated above the fish had long before this left customs custody, having been delivered to the importer's representatives at Seattle. After the merchandise had been pronounced unfit for human consumption by the Department of Agriculture, the consignee shipped it back to Seattle with a view to having it returned to the shippers in Japan, the country of exportation. The importer had in mind also a return of the duties paid on the fish, although the record fails to disclose any demand on the collector at

Seattle for a return of such duties, or any request for a reliquidation addressed to him.

The case was tried at length and has been quite elaborately briefed. In the brief filed on behalf of the plaintiff the claim relied on is stated to be that the duty on the fish should be refunded under the provisions of section 558 (a) (2) of the Tariff Act of 1930 as amended by section 24 of the Customs Administrative Act of 1938. The pertinent portions of that section are as follows:

SEC. 558. NO REMISSION OR REFUND AFTER RELEASE OF MERCHANDISE.

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; &ast; &ast; &ast;.

Under authority of the above the Secretary of the Treasury promulgated article 806 (e) of the Customs Regulations of 1937, as amended by T. D. 49658, which is as follows:

Article 806

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(e) Merchandise regularly entered in good faith and denied admission into the United States by any Government agency after its release from customs custody, may be destroyed under customs supervision, in which case any duty which shall have accrued thereon or which shall have been collected shall be remitted or refunded as the case may be. &ast; &ast; &ast;.

It was stipulated at the hearing that the fish were entered in good faith and a representative portion thereof was examined by the appraiser's office but not by the Food and Drug Administration. However, after release from customs custody and shipment to Chicago, 284 of the shipment of 330 bales were found by the Food and Drug Administration at that port to be contaminated and unfit for human consumption. They were returned to Seattle, where as a result of a libel action in the U. S. District Court a decree was entered under which these 284 bales were required to be exported and they were actually exported.

Plaintiff contends that under such circumstances article 342 (d) of the Customs Regulations of 1937 is applicable. That article, as amended by T. D. 49658, insofar as pertinent, is as follows:

Art. 342. Merchandise unentered or rejected, exportation of.—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(d) Merchandise regularly entered in good faith and denied admission into the United States by any Government agency, if exported *under customs supervision,* may be treated as a nonimportation with refund of duty deposited and without the assessment of additional duty. (As to destruction of such merchandise, see article 806 (e).) [T. D. 49658.] [Italics supplied.]

It is the opinion of the court that it has not been shown that the fish were exported under customs supervision. The record discloses that the customs broker who handled the shipment was aware of the necessity of having customs officials supervise the exportation but from a conversation he had with a customs official and in view of the fact that a request for customs supervision of an earlier exportation had been denied, he did not file the requisite documents. Plaintiff contends that it was unnecessary for the broker to file the necessary documents in view of these facts. We do not agree with this contention. It is not apparent from the record as made that the facts in the earlier case were the same as in the case at bar.

However, we deem it unnecessary to decide that phase of the case in view of the state of the pleadings. The protest is in the following language:

\* \* \*. Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, fees, or other exactions, or excluding any merchandise from entry or delivery, or your refusal to reliquidate for clerical error, in connection with entries or other matters referred to below. The reasons for objection under Tariff Act of 1930 are as follows:

The stockfish covered by this entry has been libeled and seized by the United States Marshal, under order of the United States District Court for the Western District of Washington, Northern Division, for a violation of the Federal Food, Drug and Cosmetic Act of June 25, 1938 (Supplement V, U. S. Code, title 21) in that the merchandise was adulterated and was introduced into "interstate commerce," as defined in title 21, section 321. This seizure and libel (F. D. C. 3678, U. S. District Court, no. 14204) was made at the request of the Secretary of Agriculture and as a result thereof the merchandise will be destroyed or exported under jurisdiction of said court.

In view of these facts the liquidation dated January 6, 1941, should be reviewed and upon destruction or exportation of this merchandise the duties should be refunded in accordance with article 557 (b), Customs Regulations of 1937, section 558, Tariff Act of 1930, as amended by section 24, Customs Administrative Act of 1938, and article 342 (c), Customs Regulations of 1937.

As stated above liquidation took place January 6, 1941. The above protest was filed March 7, 1941, within the statutory time, that is, within 60 days after liquidation. However, plaintiff does not claim that the liquidation was in error. The various incidents set forth in these pleadings and described in the evidence produced did not enter into the liquidation of the entry. In fact they took place subsequent to liquidation, and at the time the protest was filed there had been no action on the part of the collector which would support a protest, nor does the protest make such claim.

We therefore find that the protest should be and the same is hereby dismissed.

Judgment will be rendered accordingly.